Filed 9/24/14  Park v. Super. Ct. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JUHAN PARK et al., | B254769 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC503036) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| TEMPLE COMMUNITY HOSPITAL et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate.  William F. Fahey, Judge.  Petition granted.

Law Offices of William H. Newkirk, William H. Newkirk and Ashley S. Feder for Petitioners.

No appearance for Respondent.

Fonda, Hester & Associates, Peter M. Fonda and Cecille L. Hester for Real Party in Interest Temple Community Hospital.

Gonzalez & Hulbert, Michael D. Gonzalez and Rebecca L. Smith for Real Party in Interest Jamshid Nazarian.

La Follette, Johnson, De Haas, Fesler & Ames, Don Fesler and David J. Ozeran for Real Party in Interest Hossein Babaali.

Reback, McAndrews, Kjar, Warford, Stockalper & Moore, Patrick E. Stockalper and Harlan N. Petoyan for Real Party in Interest Bun Raymond Lim.

_____

Temple Community Hospital (Hospital) and Jamshid Nazarian, M.D., are defendants in a civil action filed by Juhan Park, Joung Hee Lim, Dae Sook Kim, and Joung Hun Park (collectively, Park).  The complaint alleges professional negligence and failure to obtain informed consent, among other claims, related to the death of plaintiffs' mother two days after surgery performed by Dr. Nazarian at the Hospital.  The trial court sustained without leave to amend the demurrers of the Hospital, Dr. Nazarian, and other defendants.  Park sought a writ of mandate directing the superior court to vacate its order sustaining the demurrers.  We issued an alternative writ of mandate, directing the trial court either to vacate its order sustaining the demurrer without leave to amend as to Park's fourth cause of action against Dr. Nazarian and the Hospital for failure to obtain informed consent, or to show cause why it should not be ordered to do so.  The superior court did not vacate its order, and for the reasons stated below, we grant Park's petition for writ of mandate and reverse the trial court's order sustaining the demurrer to the informed consent cause of action.

## BACKGROUND

Park's first amended complaint, filed June 11, 2013, alleges that Park's 74-year-old mother, Byung Soon Park, died at the Hospital on December 26, 2011 while under the care of Dr. Nazarian and other defendants, two days after Dr. Nazarian performed an open cholecystectomy.  As against the Hospital and Dr. Nazarian, the complaint alleged causes of action for professional negligence causing wrongful death, fraud (misrepresentation), fraud (concealment), failure to obtain informed consent, elder abuse, unfair business practices, and survivor's claim.  The informed consent cause of action alleged that neither Byung Soon Park nor Park gave their informed consent to the

2

surgery, and they would not have agreed to it if they had been fully informed of the results, risks of, and alternatives to the procedure.

The Hospital and Dr. Nazarian filed demurrers to all the counts except the professional negligence and survivor's claim. Dr. Nazarian argued that the informed consent cause of action was "duplicative of, and therefore subsumed by" the professional negligence cause of action. The Hospital argued that it had no duty to obtain a patient's informed consent, and Dr. Nazarian was not its employee or agent. The trial court granted the demurrers without leave to amend at a hearing and by minute order on January 6, 2014.

A lack of informed consent is a separate theory of liability from professional negligence or malpractice, and can generally be established by the patient-plaintiff's testimony. (See *Cobbs v. Grant* (1972) 8 Cal.3d 229, 240–244; *Arato v. Avedon* (1993) 5 Cal.4th 1172, 1190–1191.) As an "alternative negligence theor[y]," lack of informed consent can establish liability even when expert testimony has eliminated allegations of negligent performance. (*Willard v. Hagemeister* (1981) 121 Cal.App.3d 406, 417–418.) The relevant question of fact is whether the treating professional gave the plaintiff sufficient information as to the nature of the procedure "so that she could intelligently decide whether to undergo the . . . procedure. If [the treating professionals] did not make this minimal disclosure of material facts, they are liable for all injuries sustained by [the plaintiff] during the course of this . . . treatment, whether the treatment was negligent or not." (*Id.* at p. 418; *Jambazian v. Borden* (1994) 25 Cal.App.4th 836, 845.)

Further, the complaint alleged that both Dr. Nazarian and the Hospital had a duty to explain the attendant risks before the surgery was performed. The complaint also alleged that Dr. Nazarian was an agent, employee and joint venturer of the Hospital. Whether the Hospital had a duty to obtain informed consent and whether Dr. Nazarian had an employee or agent relationship with the Hospital were questions of fact appropriately addressed in a motion for summary judgment or adjudication. (See *Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 506–509.)

3

The trial court erred in sustaining Dr. Nazarian's and the Hospital's demurrers to the informed consent cause of action.

## DISPOSITION

The petition for writ of mandate is granted. This court's alternative writ of mandate is discharged. Let a peremptory writ of mandate issue, directing the respondent superior court to vacate its January 6, 2014 order sustaining the demurrer of real parties in interest to the petitioners' cause of action for failure to obtain informed consent. Petitioners are to recover their costs in this writ proceeding.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.

4